OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas, Juvenile Division, which found appellant Matthew A. delinquent for committing an act which, if committed by an adult, would constitute criminal damaging in violation of R.C. 2909.06, a second degree misdemeanor. Following his adjudication, appellant was committed to the Ohio Department of Youth Services for forty-five days and was ordered to make restitution and pay court costs. From that judgment, appellant raises the following assignments of error on appeal.
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT COMPLY WITH THE REQUIREMENTS OF JUV.R. 29(B) THEREBY DENYING DEFENDANT-APPELLANT DUE PROCESS OF LAW
 "II. THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT-APPELLANT DELINQUENT OF THE CHARGE OF CRIMINAL DAMAGING AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE CREDIBLE EVIDENCE PRESENTED AT TRIAL"
On December 23, 1998, a complaint in delinquency was filed in the court below charging appellant, who was then seventeen years old, with criminal damaging for physical harm which he had allegedly done to an automobile owned by John Owens. On January 27, 1999, appellant was "arraigned" before a juvenile court judge. The transcript of that "arraignment" reads in its entirety as follows:
 "THE COURT: The Court has set down for hearing today cases 98200652 and 653, both in the matter of Matthew [A.] Let the record reflect that Matthew [A.] appeared in Court today with his father Randy [A.]
"Matthew, do you want to take the podium there, please?
"EXAMINATION OF MATTHEW ALLEN BY THE COURT:
 "Q. In Case Number 9800652, Matthew, there was a complaint filed against you alleging that on or about October the 10th in Ottawa County, you did knowingly by any means cause or create a substantial risk of physical harm to an automobile, the property of John Owens without his consent, an act which if committed by an adult would be a crime of violation of Ohio Revised Section [sic] 2909.06, known as criminal damaging, a misdemeanor of the second degree. Did you receive a copy of this complaint?
"A. Yes, I did, Your Honor.
"Q. Did you understand these charges?
"A. Yes, I do.
 "Q. Do you understand before you admit or deny these charges you have a right to have an attorney present or you can waive that right?
"A. I waive it.
"Q. Do you admit or deny these charges?
"A. I deny them.
"Q. Are you going to deny the other one, too?
"A. Yes, Your Honor.
 "THE COURT: All right. This matter will be set for a pre-trial with the prosecuting attorney's office, you will be notified of the time and date of the pre-trial.
 "Okay. I am going to ask you to step out and have your brother come in. I guess that is your brother, right?
"THE DEFENDANT: Yes.
"THE COURT: All right."
Subsequently the court set the matter for "trial" on March 4, 1999. The transcript from that "trial" reads in relevant part as follows:
 "THE COURT: The matter set for hearing today Cases 98200652 and 71, both in the matter of Matthew D. [A.]
 "Let the record reflect that Matthew [A.] appeared in Court today with his father Randy [A.]
 "Representing the State of the [sic] Ohio is the Assistant Prosecuting Attorney Bruce Winters.
"Mr. Winters, do you wish to make an opening statement?
 "MR. WINTERS: No, Your Honor. I would like it noted for the record that Matthew is an adult at this time.
"THE COURT: Do you wish to make an opening statement?
"MR. MATTHEW [A.]: No, Your Honor, I don't.
"THE COURT: Call your first witness."
On March 5, 1999, the court filed an entry finding appellant delinquent based on the evidence adduced at the "trial" and continued the matter for disposition.
In his first assignment of error, appellant contends that he was denied due process of law when the trial court failed to advise him of his constitutional rights as set forth in R.C.2151.352 and Juv.R. 29(B).
R.C. 2151.352 and Juv.R. 4(A) provide that a juvenile is entitled to representation by legal counsel at all stages of a juvenile court proceeding and, if he is indigent, is entitled to counsel at state expense. When, however, a juvenile "waives his or her right to counsel, the court must make sufficient inquiry to determine whether the [juvenile] has done so knowingly, intelligently and voluntarily." In re Johnson (1995), 106 Ohio App.3d 38,41, citing State v. Gibson (1976), 45 Ohio St.2d 366. Moreover, in a delinquency proceeding, Juv.R. 29(B) requires that at the adjudicatory hearing, the court shall do all of the following:
 "(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing * * *
 "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
"* * *
 "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."
Where a juvenile court substantially complies with the demands of Juv.R. 29(B), a juvenile will be deemed to have been properly informed of his due process rights. In the matter of: Bennette H.
(Oct. 31, 1997), Lucas App. No. L-97-1013, unreported. However, a juvenile court's failure to abide by the requirements of Juv.R. 29(B) is reversible error. In re Johnson, supra, at 45.
In the present case, the lower court's treatment of appellant, as evidenced by the quoted passages above, demonstrated its failure to comply with the requirements of Juv.R. 29(B). Although appellant's first appearance before the lower court was termed an "arraignment" by the lower court, Juv.R. 29 makes it clear that a juvenile's first appearance in a delinquency case is the adjudicatory hearing. Accordingly, appellant's appearance before the court on January 27, 1999 triggered the requirements of Juv.R. 29(B). At that appearance, the court accepted appellant's waiver of his right to counsel without any colloquy that would demonstrate a knowing, intelligent and voluntary waiver. Moreover, the court avoided altogether informing appellant of the purpose of the hearing, the possible consequences of the hearing or of his rights to obtain counsel at any stage of the proceeding, to remain silent, to offer evidence, to cross-examine witnesses, and to have a record of all proceedings made upon request.
The court further failed to inform appellant of any of these rights when it proceeded with the adjudicatory hearing on March 4, 1999, as demonstrated by the portion of the transcript quoted above.
Accordingly, the trial court failed to comply with Juv.R. 29(B) and therefore failed to afford appellant the due process rights to which he was entitled. The first assignment of error is well-taken.
Given our ruling on the first assignment of error, the second assignment of error is moot.
On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial and the judgment of the Ottawa County Court of Common Pleas, Juvenile Division is reversed. This cause is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.